Spear, J.
The proceeding in this court being one in error to the action of the circuit court, the only question presented for the determination of this court is whether or not the circuit court erred in refusing to take jurisdiction of the cause on appeal and striking it from the docket; in other words, did the circuit court acquire jurisdiction to try and determine the controversy between the parties by reason of the attempted appeal?
At the time the appeal was taken the statute on the subject (section 525-1, Revised Statutes) prescribed that the probate court in certain counties, including 'Richland, shall have concurrent jurisdiction with the court of common pleas in certain defined proceedings, including partition, and that litigants shall have the same right of appeal and of error from the probate court to the circuit court as is allowed now by appeal- and error proceedings in similar cases from the common pleas court to the circuit court; and it was under favor of this statute that the plaintiff in error undertook to carry the cause to the circuit court. This section was amended April 20, 1904 (97 Ohio Laws, 113), which amendment provides for appeals and *188 error to the common pleas instead of the circuit court, but that amendment does not affect the question before us.
The ground on which the jurisdiction of the circuit court is assailed is that the statute, as then existing, undertakes to clothe the circuit court of Richland and the other counties named in the statute with jurisdiction not conferred upon the circuit courts of the remaining counties of the state, and, in our judgment, the point is well taken. The constitutional provision applicable to the question is section 26 of Article 2, which is that “all laws of a general nature shall have a uniform operation throughout the state.” It is no longer an open question in Ohio that laws which relate to the organization and jurisdiction of the circuit court are laws of a general nature, that court being established by the constitution, which, requires its existence in every county of the state, and that at least one term in each year shall be held in each county. Those courts, therefore, exercise a most important agency in the administration of justice, and necessarily have, within the limits prescribed by law, jurisdiction over the persons and property of the entire population. It would needlessly encumber the record to cite all the cases which justify, if indeed they do not compel, this conclusion, but attention may be called to Kelley v. The State, 6 Ohio St., 269, the principle of which applies to the case at bar.
The circuit court did not err in dismissing the áppeal, and its judgment will be

Affirmed.

Shauck, C. J., Price, Crew, Summers .and Davis, JJ., concur.